UNITED STATES DISTRICT COURT
IN AND FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN ~~Mobile~~ Division

JAMES LAMAR RILEY,
                Plaintiff

Versus                       Civil Action No. 01-0869-X-S

GENERAL MOTORS ACCEPTANCE
CORPORATION A/K/A GMAC
INDIANAPOLIS,               ***JURY DEMANDED***
                Defendant.

FILED DEC 12 '01 PM 1:47 USDCALS

### ***COMPLAINT AND DEMAND FOR JURY TRIAL***

NOW INTO COURT, through undersigned counsel, comes **JAMES LAMAR RILEY**, Plaintiff in the above entitled and captioned matter, who respectfully prays for Judgment of this Honorable Court against defendant, as set forth in the following complaint, as follows:

### PLAINTIFF

1.

Plaintiff, **JAMES LAMAR RILEY**, is a major domiciliary of Evergreen, Alabama, and a victim of repeated false credit reportings and violations of the Fair Credit Reporting Act by defendant.

### DEFENDANT

2.

Made Defendant herein is **GENERAL MOTORS ACCEPTANCE CORPORATION A/K/A GMAC INDIANAPOLIS**, which may also hereinafter be referred to as "GMAC-IND," a foreign corporation authorized to do and doing business in the State of Alabama.

## JURISDICTION OF THE COURT and VENUE

3.

Plaintiff respectfully asserts that this Honorable Court has jurisdiction in this case arises under federal law. *28 U.S.C. 1331.* Further, the matter in controversy exceeds *$75,000.00*, exclusive of costs and interest and the parties to these proceedings are citizens of different states. *28 U.S.C. 1332.* Plaintiff also asserts actions under states' laws which may be brought within the supplemental jurisdiction of this Court and Plaintiff respectfully requests that this Honorable Court exercise supplemental jurisdiction over said claims. *28 U.S.C. 1367.* Venue is proper in this District as the Defendant resides in this judicial district. *28 U.S.C. 1391(b),(c).*

## REQUEST FOR TRIAL BY JURY

4.

Plaintiff requests a trial by jury.

## REQUEST FOR EXEMPLARY/PUNITIVE DAMAGES

5.

Plaintiff respectfully requests that this Honorable Court instruct the jury, as the trier of facts, that in addition to actual or compensatory damages, punitive or exemplary damages may be awarded against the Defendant under the provisions of the Fair Credit Reporting Act and/or states' laws, *including Alabama*.

## REQUEST FOR COSTS OF LITIGATION AND ATTORNEYS' FEES

6.

Plaintiff respectfully requests that this Honorable Court award plaintiff his litigation expenses and other costs of litigation and reasonable attorneys' fees incurred in this litigation, in accordance with the provisions of the Fair Credit Reporting Act and/or other laws.

## GENERAL FACTUAL BASIS

7.

Plaintiff learned that his credit reports issued by the various consumer reporting agencies contained inaccurate information.

8.

Upon learning of errors, plaintiff lodged disputes with the consumer reporting agencies.

9.

Plaintiff disputed an inaccurate account, reported as number 031220900242, reported by defendant to consumer reporting agencies, Equifax Information Services, Inc., f/k/a Equifax Credit Information Services, Inc., Experian Information Solutions, Inc., and Trans Union, LLC and its affiliate bureau, Gulf Coast Credit Services. Plaintiff's disputes to the credit reporting agencies took place in or about early *January, 2000*, and again in or about *March, 2000*. Defendant attributed to plaintiff a derogatory account and rating which did not belong to plaintiff and which should not have been attributed to plaintiff.

10.

In response to plaintiff's disputes, the consumer reporting agencies, Equifax Information Services, Inc., f/k/a Equifax Credit Information Services, Inc., Experian Information Solutions, Inc., and Trans Union, LLC and its affiliate bureau, Gulf Coast Credit Services, each and on each such occasion, pursuant to 15 U.S.C. 1681i[a], forwarded to defendant notification of plaintiff's disputes and requested that defendant conduct a reinvestigation, per 15 U.S.C. 1681s-2.

11.

Defendant failed and refused to conduct an investigation of the disputed information and, instead, continued to report false, inaccurate information and attributed same to plaintiff.

Defendant reported such information monthly on a regular cycle in accordance with its subscribership with the consumer reporting agencies.

12.

Defendant failed and refused to review all relevant information provided by and available through the consumer reporting agencies.

13.

Defendant was required to conduct a reasonable, timely and more thorough reinvestigation of the plaintiff's disputes and to respond to the consumer reporting agencies to whom it subscribed with truthful, complete and relevant information.

14.

Defendant violated the mandates of 15 U.S.C. 1681s-2[b] and plaintiff has suffered damages as a result of those violations.

15.

Defendant willfully violated the mandates of section 1681s-2[b].

16.

Alternatively, defendant negligently violated the mandates of section 1681s-2[b].

17.

Defendant likewise violated the mandates of section 1681s-2[a] and such violations form the basis of a negligence per se claim and an intentional tort, per se.

18.

Defendant knew or should have known or consciously avoided knowing that the information had repeatedly reported about plaintiff was false and improperly attributed to plaintiff. Defendant was further notified by plaintiff of the errors and his disputes, yet defendant

failed to report such information as disputed to the consumer reporting agencies.

19.

Said information was negative and damaging to plaintiff. Plaintiff sustained credit denials repeatedly. The publication of false consumer reports is evidenced in the inquiry section of the respective credit reports issued about plaintiff.

20.

Defendant is a "user" of credit information and "furnisher" of credit information as discussed in the Fair Credit Reporting Act.

21.

Defendant recklessly, maliciously and/or intentionally, published and disseminated false and inaccurate information concerning Plaintiff with reckless disregard for the truth of the matters reported.

22.

Defendant's publishing of such false and inaccurate information has severely damaged the personal and consumer reputation of Plaintiff and caused severe humiliation, and emotional distress and mental anguish.

23.

Defendant was notified of its false reportings however Defendant continued to issue and/or publish report(s) to various consumer reporting agencies which contained erroneous, inaccurate and false information about the Plaintiff.

24.

Defendant also breached its various and multiple agreements and contracts with the consumer reporting agencies [and/or their affiliates] [collectively "consumer reporting

agencies"], to whom it subscribed, by continuously reporting false credit information about plaintiff.

25.

Defendant was aware that its reportings and activities would [and will] damage plaintiff and his ability to enjoy life and utilize the credit rating and reputation property rights he secured by honoring his obligations to his creditors.

26.

The consumer reporting agencies maintain subscriber contracts and relationships with Defendant separately and individually, under which Defendant is allowed to report credit data and have same placed in the credit reporting files and records of those entities so that such data may be further reported to any and all of the thousands of subscribing entities and persons.

27.

Under the subscriber contracts Defendant owes a number of duties, including the duty to report truthful and accurate information about its customers and other consumers, including plaintiff.

28.

Defendant owed duties of reasonable care to plaintiff.

29.

Defendant failed to exercise reasonable care and prudence in each reporting and re-reporting, the handling and reinvestigation of data about plaintiff, all made the subject of this lawsuit, and consequently caused damaged plaintiff.

30.

Defendant negligently impaired plaintiff's credit rating and property rights in his credit

reputation.

31.

Alternatively, Defendant has, with willful intent to injure or maliciously, damaged plaintiff's property rights in his credit reports and reputation and standing in the community.

32.

Defendant recklessly, maliciously and/or intentionally, published and disseminated false and inaccurate information concerning Plaintiff with reckless disregard for the truth of the matters asserted.

33.

Defendant's publishing of such false and inaccurate information has severely damaged the personal and consumer reputation of Plaintiff and caused severe humiliation, emotional distress and mental anguish to plaintiff.

34.

Defendant was notified of inaccuracies by plaintiff however, the defendant continued to issue and/or publish report(s) to third parties which contained inaccurate information about Plaintiff.

35.

Defendant has defamed Plaintiff.

36.

Alternatively, Defendant has, with willful intent to injure and/or maliciously, defamed Plaintiff.

37.

Defendant has invaded Plaintiff's privacy.

38.

Alternatively, Defendant has, with willful intent to injure and/or maliciously, invaded Plaintiff's privacy.

39.

Defendant has intentionally inflicted humiliation and emotional distress and mental anguish on Plaintiff.

40.

Alternatively, Defendant has, with willful intent to injure or maliciously, published such false and inaccurate information and severely damaged the personal and consumer reputation of Plaintiff and caused him to suffer severe humiliation, emotional distress and mental anguish.

41.

Defendant has engaged in unfair and deceptive trade and business practices and is liable unto plaintiff under state laws for those violations.

42.

Alternatively, Defendant has, with willful intent to injure or maliciously, engaged in unfair and deceptive trade and business practices and is liable unto plaintiff under various state laws for those violations.

43.

Defendant is liable unto plaintiff for all actual, statutory, exemplary and punitive damages awarded in this case, as well as other demands and claims asserted herein including, but not limited to, out-of-pocket expenses, credit denials, costs and time of repairing his credit, pain and suffering, embarrassment, inconvenience, lost economic opportunity, loss of incidental time, frustration, emotional distress, mental anguish, fear of personal and financial safety and security,

attorneys' fees, and court costs, and other assessments proper by law and any and all other applicable federal and state laws, together with legal interest thereon from date of judicial demand until paid.

**WHEREFORE PLAINTIFF, JAMES LAMAR RILEY, PRAYS** that after all due proceedings be had there be judgment herein in favor of Plaintiff and against Defendant, **GENERAL MOTORS ACCEPTANCE CORPORATION A/K/A GMAC INDIANAPOLIS**, as follows:

1) That there be Judgment in favor of Plaintiff and Defendant for all reasonable damages allowed by law and all reasonable damages sustained by Plaintiff including but not limited to all actual, statutory, exemplary and punitive damages awarded in this case, as well as other demands and claims asserted herein including, but not limited to, out-of-pocket expenses, credit denials, costs and time of repairing his credit, pain and suffering, embarrassment, inconvenience, lost economic opportunity, loss of incidental time, frustration, emotional distress, mental anguish, fear of personal and financial safety and security, attorneys' fees, and court costs, and other assessments proper by law and any and all other applicable federal and state laws, together with legal interest thereon from date of judicial demand until paid.

FURTHER, Prays for all such additional, general and equitable relief as may be necessary and proper in the premises.

Respectfully submitted

**BODENHEIMER, JONES & SZWAK**

By: _____
**DAVID A. SZWAK**
LBR #21157
401 Market Street, Ste. 240
Shreveport, Louisiana 71101
(318) 424-1400
FAX 424-1476

**NIX & NIX**

By: _____
**RICHARD NIX**
ABR # R1NIX4737
P.O. Box 167
Evergreen, Alabama 36401
[334] 578-1544
Fax  578-1542
**ATTORNEYS FOR PLAINTIFF**